IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EYPHRA RANSOM,** | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-24-0158 |
| **ALEJANDRO MAYORKAS,** *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Plaintiff Eyphra Ransom, who is self-represented, filed this lawsuit against Defendants Alejandro Mayorkas, the Secretary of the United States Department of Homeland Security, Deanne Criswell, the Administrator of the Federal Emergency Management Agency ("FEMA"), and FEMA itself, alleging discrimination. Currently pending are two motions: Plaintiff's Motion for Default Judgment, ECF 12, and Defendants' Motion to Dismiss, or, in the alternative, to Transfer Venue, ECF 7. This Court has reviewed both motions and the associated briefing. ECF 13, 14, 15. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's motion for default will be denied. Defendants' motion will be granted in that this case will be transferred to the United States District Court for the District of Columbia for all further proceedings.

I.     **MOTION FOR DEFAULT JUDGMENT**

On July 9, 2024, this Court denied Plaintiff's Motion for Clerk's Entry of Default, noting that "counsel has entered an appearance on behalf of all Defendants and a response was filed." ECF 10. Undeterred, Plaintiff has now filed a motion for default judgment, despite the fact that no entry of default has occurred as required by Fed. R. Civ. P. 55(a).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). This Court disagrees with Plaintiff's premise that Defendants' response in this case was tardy (since the correct date for calculating Defendants' deadline runs from the date of their receipt of service, not from the date of Plaintiff's mailing, *see* Fed. R. Civ. P. 12(a)(1)). But even if Defendants' response had been slightly tardy, this Court would decline to dispose of this case by default and would proceed to its adjudication on the merits now that a response has been filed. Accordingly, Plaintiff's motion for default judgment will be DENIED.

II.     MOTION TO TRANSFER VENUE

Defendants have filed a motion to dismiss, making various arguments in support, and in the alternative, a motion to transfer venue to the United States District Court for the District of Columbia. The allegations in this complaint arise out of Plaintiff's previous employment at FEMA headquarters in Washington, D.C. As described at length in Defendants' memorandum, this case is one of five related cases Plaintiff has filed in this Court and in the United States District Court for the District of Columbia against FEMA, its administrators, and its employees. At present, two of those related cases are pending before Judge Rudolph Contreras in the United States District Court for the District of Columbia. *See Ransom v. Dorko,* Civ. No. 23-cv-02601-RC (D.D.C.); *Ransom v. Mayorkas,* Civ. No. 24-00692-RC (D.D.C.).

Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in — (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which the action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For purposes of venue, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

As noted, FEMA's headquarters are in Washington, D.C., and all events described in the Complaint appear to have occurred in Washington, D.C., where Ransom was previously employed. Accordingly, this Court has previously transferred one of Plaintiff's cases relating to her FEMA employment to the United States District Court for the District of Columbia, 23-cv-01886 (D. Md.), and once found venue to be proper in the District of Columbia, not Maryland, but found dismissal the appropriate remedy instead of transfer, 22-cv-02355 (D. Md.). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case, which relies largely on the same facts on those other two cases, is no exception. The interests of justice favor such transfer to avoid potential inconsistent rulings among this case and the two cases now pending in the District of Columbia. Accordingly, the case shall be transferred for all further proceedings.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment, ECF 12, is DENIED and Defendants' alternative motion to transfer venue, ECF 7, is GRANTED without prejudice to further consideration of the arguments raised in their motion to dismiss. A separate Order follows.

Dated: August 23, 2024                              /s/
                                              Stephanie A. Gallagher
                                              United States District Judge